IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JOHN BRADY LAYNE,
        Petitioner,

vs.                                                    Case No.:  3:13cv93/LAC/EMT

MICHAEL D. CREWS,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's amended petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2254 (doc. 4).  Respondent filed an answer and relevant portions of the state
court record (doc. 12).  Petitioner filed a reply (doc. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any
recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see
also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised
by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the
disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the
undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to
relief.

I.        BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state
court record (*see* doc. 12).[1]  In the Circuit Court in and for Escambia County, Florida, Case No. 2007-
CF-6836, Petitioner was convicted, pursuant to a written plea agreement, of one count of burglary of
an unoccupied dwelling (Count 1), one count of grand theft ($300 or more but less than $5,000) (Count

_____

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer
(doc. 12).  If a cited page has more than one page number, the court cites to the page number assigned by Respondent
in the lower left corner of the page.

2), and one count of criminal mischief (Count 3) (Ex. B at 3–10, Ex. D at 62–66). On September 15, 2008, he was sentenced, in accordance with the plea agreement, to forty-eight (48) months of imprisonment followed by thirty-six (36) months of probation on Count 1, a concurrent term of forty-eight (48) months of imprisonment on Count 2, with pre-sentence jail credit of 343 days on both counts, and time served on Count 3 (Ex. B at 3–10, Ex. D at 67–72). The court subsequently awarded additional sentence credit of twenty-three (23) days, for a total of 366 days (Ex. B at 15–26).

Through the accumulation of gain time, pursuant to Florida Statutes § 944.275, Petitioner was released from the custody of the Florida Department of Corrections ("FDOC") on February 7, 2011, to the term and conditions of the probationary portion of his sentence (doc. 19 at 9). On April 6, 2011, Petitioner's probation officer filed an affidavit for violation of probation ("VOP") (Ex. D at 59–60). On January 5, 2012, the court adjudicated him guilty of violating the terms of his probation, and sentenced him to eighty-four (84) months of imprisonment, with credit for 58 days of time served between the date of his arrest as a violator and the date of sentencing on the VOP (Ex. C at 4–10). Petitioner's conviction was affirmed by the Florida First District Court of Appeal ("First DCA") on July 5, 2012 (Ex. D at 37).

Upon Petitioner's re-commitment to the FDOC, the FDOC forfeited all of the gain time applied to Petitioner's prior term of imprisonment (219 days), pursuant to Florida Statutes § 944.28(1) (Ex. A at 3). The FDOC credited Petitioner's sentence for time he previously served in the FDOC (875 days from September 15, 2008 to February 7, 2011), plus his original jail credit of 366 days and the VOP jail credit of 58 days (*id.*). The FDOC has also awarded gain time earned since Petitioner returned to prison as a probation violator (176 days as of August 7, 2013) (*id.* at 2–3). Petitioner is tentatively scheduled for release in December of 2014 (*id.* at 2).

On July 30, 2012, Petitioner filed a motion for modification or reduction of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. D at 23–37). The state circuit court summarily denied the motion on August 6, 2012 (*id.* at 39).

On November 1, 2012, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. D at 41–77). He subsequently filed an amended motion (Ex. E at 1–39) and supplements thereto (*id.*). On May 2, 2013, the state circuit court

dismissed Petitioner's supplements without prejudice to his refiling them with a proper oath (*id.* at 95–96). Petitioner's amended Rule 3.850 motion remains pending.

Petitioner filed the instant federal habeas action on February 21, 2013 (doc. 1). In his amended petition, he raises one ground for relief: the FDOC's forfeiture, after his re-commitment to the FDOC upon revocation of his probation, of 219 days of "incentive gain time" he had earned prior to his release on probation, violated due process because he was not provided notice of the forfeiture or an opportunity to be heard (doc. 4 at 5; doc. 4-1 at 1–23; doc. 19 at 5–11).[2]

Respondent contends Petitioner failed to exhaust his state court remedies prior to filing his federal petition (doc. 12 at 4–8). Respondent argues that in order to exhaust state remedies with regard to a gain time claim, the petitioner must file a mandamus or habeas petition in the appropriate circuit court against the FDOC and, if unsuccessful, seek review in the appropriate district court (*id.* at 7–8). Respondent asserts Petitioner did not file a petition in the appropriate circuit court and he has not sued the FDOC in state court (*id.*). Further, although Petitioner asserts he raised his issue in the sentencing court, even if that mechanism could suffice, which it does not, he did not raise the issue he raises here (*id.* at 8). In the sentencing court, Petitioner stated that although he now knew the FDOC had authority to forfeit his 219 days of gain time, the sentencing court should reduce his sentence because the actual time he would have to spend incarcerated was not what the court and counsel had contemplated at the time of the VOP (*id.*). Respondent asserts that this claim is a very different claim than the claim he raises here, that the FDOC could not or should not have forfeited his gain time without notice or hearing (*id.*). Respondent therefore contends the federal habeas petition should be dismissed (*id.*). Respondent alternatively argues Petitioner's claim is without merit; therefore, the court should deny the petition (*id.* at 8–10).

Regarding the exhaustion issue, Petitioner asserts he raised his claim in a Rule 3.800(c) in the trial court, by arguing that the forfeiture of his gain time extended his sentence beyond what the trial court intended, and requesting that the court reduce his sentence by 219 days (doc. 4 at 5; doc. 19 at 2, 4). He states the court denied his motion, and the denial is not appealable under Florida law (*id.*). Petitioner asserts he also raised his claim in a post-conviction motion filed in the trial court, and that

---

[2] Hereinafter all citations to the parties' pleadings reflect the page numbers assigned by the court's electronic docketing system rather than those the parties may have assigned.

motion is still pending (*id.* at 5–6, 12). Petitioner asserts he additionally challenged, on due process grounds, the constitutionality of Florida Statutes § 944.28(1) in a habeas petition filed in the Circuit Court in and for Leon County, Florida, Case No. 2013-CA-802 (doc. 19 at 2). He suggests he likely will not be able to complete the state court process prior to May 25, 2014, when he contends he would be entitled to release if the 219 days of forfeited gain time was restored (*id.* at 2–4). Therefore, says Petitioner, he should be relieved of the exhaustion requirement. Alternatively, Petitioner seeks a stay of the instant federal proceeding until he exhausts his claim (*see* doc. 7).

II.    ANALYSIS

Upon review of the parties' submissions, the undersigned concludes the habeas petition should be denied notwithstanding Petitioner's failure to exhaust. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.

In <u>Swarthout v. Cooke</u>, —— U.S. ——, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011), the United States Supreme Court reiterated the clearly established standard governing claims asserted under the Due Process Clause: "[S]tandard analysis under [the Due Process Clause] proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." 131 S. Ct. at 861 (citing <u>Kentucky Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). The Eleventh Circuit has not decided whether a States's forfeiture of an inmate's gain time, once a prisoner's release is revoked because of a violation of its conditions, violates federal law. However, the Eleventh Circuit has rejected this argument in the context of federal parole. *See* <u>Lambert v. Warden, U.S. Penitentiary</u>, 591 F.2d 4, 8 (5th Cir. 1979) (concluding it is well-settled that once a federal prisoner's release is revoked because of a violation

of its conditions, the parole commission "ha[s] the authority to forfeit the [prisoner]'s good-time credit as well as credit for time spent on conditional release").[3]

Further, the express language of § 944.28(1) placed Petitioner on notice that upon his release on probation, the FDOC could forfeit his previously earned gain time if his probation was revoked due to his violation of its terms. Effective in 1988, prior to Petitioner's commission of the crimes in the instant case in 2006, Florida's gain time forfeiture statute was amended to allow the FDOC to forfeit, without notice or hearing, in the case of a prisoner whose probation was revoked, all gain time earned before prior to his release on probation. Florida Statutes Section 944.28(1) provides:

> (1) If a prisoner is convicted of escape, or if the clemency, conditional release as described in chapter 947, probation or community control as described in chapter 948, provisional release as described in s. 944.277, parole or control release as described in s. 947.146 granted to him is revoked, the department may, without notice or hearing, declare a forfeiture of all gain-time earned according to the provisions of law by such prisoner prior to such escape or his release under such clemency, conditional release, probation, community control, provisional release, control release or parole.

Fla. Stat. § 944.28(1) (1988). The retention of gain time is dependent not only upon satisfactory behavior while in prison but also satisfactory behavior while under supervision after release. Petitioner could thus retain his gain time only if he complied with the conditions under which it was given. Therefore, Petitioner had only a conditional interest in his gain time upon his release on probation; he did not have a vested liberty interest in that gain time. *See* Reed v. Crews, No. 5:10cv264/MW/CJK, 2013 WL 1200329, at *11 (N.D. Fla. Mar. 7, 2013) (unpublished), *Report and Recommendation Adopted By*, 2013 WL 1200325 (Mar. 25, 2013); Logan v. McNeil, No. 5:06cv10/SPM/EMT, 2009 WL 595922, at *7 (N.D. Fla. Mar. 6, 2009) (unpublished). The statute itself placed Petitioner on notice of such.

Furthermore, although Florida Statutes § 944.28(1) provides that the FDOC may, without notice or hearing, declare a forfeiture of all gain time earned by a prisoner prior to his release on probation if his probation is revoked, the Due Process Clause undoubtedly imposes some restrictions on the power of states to revoke summarily a probationer's conditional liberty. *See* Gagnon v. Scarpelli, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); Morrissey v. Brewer, 408 U.S. 471,

---

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). In <u>Gagnon</u> and <u>Morrissey</u>, the Supreme Court confronted the questions of what procedural safeguards the Constitution requires for, respectively, probation and parole revocation proceedings. The Court set forth the following "minimum requirements of due process":

> "(a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole."

<u>Gagnon</u>, 411 U.S. at 786 (quoting <u>Morrissey</u>, 408 U.S. at 489) (parentheticals inserted by <u>Gagnon</u> Court). Further, in <u>Morrissey</u>, the Court emphasized, "there is no thought to equate [the revocation hearing] to a criminal prosecution in any sense. . . . [T]he process should be flexible enough to consider evidence . . . that would not be admissible in an adversary criminal trial." *Id.* Indeed, all that is required is "an informal hearing structured to assure that the finding of a[n] [early release] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [releasee's] behavior." *Id.* If the probationer is found guilty of violating the terms and conditions of his probation, the court may revoke probation and return the probationer to prison to serve the remainder of the sentence imposed. Only then is the probationer's previously earned gain time forfeited. *See* Fla. Stat. § 944.28(1).

Here, Petitioner does not allege he did not receive the procedural protections afforded by <u>Gagnon</u> prior to the revocation of his probation. The FDOC forfeited Petitioner's gain time only after the revocation occurred. *See* Fla. Stat. § 944.28(1). The FDOC's revocation of Petitioner's gain time did not violate due process. *See, e.g.*, <u>Reed</u>, 2013 WL 1200329, at *11–12; <u>Logan</u>, 2009 WL 595922, at *8.


III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That the amended petition for writ of habeas corpus (doc. 4) be **DENIED**.

2.  That Petitioner's "Motion to Stay and Abate" (doc. 7) be **DENIED**.

3.  That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of September 2013.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**